# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 25-51-CJW-MAR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAWSON SANDERSON, | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| Defendant. | ) | MEMORANDUM |

The government submits the following memorandum to address issues to be decided by the Court at sentencing.

## TABLE OF CONTENTS

I.    Summary of the Case ........................................................................................ 1

II.    Guidelines Enhancements Under USSG §2G2.1(b)(2)(A) and USSG §4B1.5(b)(1) Apply in This Case ........................................................................ 1

III.    The Court May Impose Special Assessments Under 18 U.S.C. § 2259A .......... 7

## I. SUMMARY OF THE CASE

A. Witnesses: None at this time.

B. Exhibits: None at this time.

## II. GUIDELINES ENHANCEMENTS UNDER USSG §2G2.1(b)(2)(A) AND USSG §4B1.5(b)(1) APPLY IN THIS CASE

The government has objected to the PSR's scoring on two guidelines issues in order to ensure that the guidelines calculations accurately reflect the record in this case. However, the plea agreement in this case under Federal Rule of Criminal Procedure 11(c)(1)(C) is for a sentence of 300 to 420 months' imprisonment, and it is not

dependent on any of the guidelines calculations.

First, regarding the adjusted offense level in paragraph 38 of the PSR, a two-level enhancement should be applied under USSG §2G2.1(b)(2)(A) because defendant sent the victim videos of him masturbating.

USSG §2G2.1(b)(2)(A) states that, if the offense involved "the commission of a sexual act or sexual contact, increase by 2 levels . . . ."

For purposes of USSG §2G2.1(b)(2), "sexual act" has the meaning given in 18 U.S.C. § 2246(2), and "sexual contact" has the meaning given in 18 U.S.C. § 2246(3). USSG §2G2.1, comment. (n.2).

18 U.S.C. § 2246(3) states:

the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person . . .

In *United States v. Raiburn*, 20 F.4th 416 (8th Cir. 2021), where the defendant and the victim both masturbated live on video, the court stated in part:

Following our sister circuits, we reject Raiburn's arguments and hold that "the plain meaning of 'sexual contact' under U.S.S.G. §2G2.1(b)(2)(A) and 18 U.S.C. § 2246(3) includes the act of masturbating." [*United States v.*] *Aldrich*, 566 F.3d [976,] 979 [(11th Cir. 2009)].[4] First, "[s]ection 2246(3) clearly states that 'sexual contact' involves certain intentional touching of 'any person.' 'Any person' includes a person touching himself or herself." [*United States v.*] *Shafer*, 573 F.3d [267,] 273 [(6th Cir. 2009)] (citing *Merriam Webster's Collegiate Dictionary* 53 (10th ed. 1995) (defining "any" as "EVERY—used to indicate one selected without restriction")); *see also* [*United States v.*] *Pawlowski*, 682 F.3d [205,] 211 [(3rd Cir. 2012)] ("Indeed, 'any' means 'every.'" (citing *Oxford English Dictionary* (2d ed. 1989) ("In affirmative sentences ['any'] asserts concerning a being or thing of the sort named, without limitation as to which, and thus constructively of every one of them, since every one may in turn be taken as a representative."))); *Aldrich*, 566 F.3d at 979 ("The statute's operative phrase 'any person' applies to all persons, including [the defendant]

2

himself.").  Based on this plain-language analysis, Raiburn's argument that "intentional touching" refers to the defendant's conduct in touching another person fails.

Second, we can compare Congress's use of "any person" in defining "sexual contact" in § 2246(3) with its use of "another person" in defining "sexual act" in § 2246(2)(D).  *Pawlowski*, 682 F.3d at 212.  "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Id.* (quoting *Dean v. United States*, 556 U.S. 568, 573, 129 S. Ct. 1849, 173 L.Ed.2d 785 (2009)).  We presume that Congress "intended to distinguish between 'of any person' in 18 U.S.C. § 2246(3) and 'of another person' in 18 U.S.C. § 2246(2)(D), so that 'of another person' does not include oneself but 'of any person' does."  *Id.*  "'Another person' clearly requires at least two individuals to be involved in the act.  Thus, because Congress chose to use different language when defining 'sexual contact,' it seems clear that Congress intended not to limit 'sexual contact' in the same way it limited 'sexual act.'"  *Shafer*, 573 F.3d at 273.

Raiburn, however, relies on Congress's inclusion of masturbation in defining "sexually explicit conduct" in a *different* statute to argue masturbation is excluded in § 2246(3).  See Appellant's Br. at 17 (citing 18 U.S.C. § 2256(2)(A)(iii) (defining "sexually explicit conduct" as including "actual or simulated . . . masturbation")).  But as Shafer points out, "[s]imply because [§ 2246(3)] does not specifically state that self-masturbation qualifies as 'sexual contact' does not mean that Congress intended for such an activity to be excluded, especially when self-masturbation falls squarely within the language of § 2246(3)."  573 F.3d at 273.  Section 2246(3) does not require the involvement of multiple people "for 'sexual contact' to occur."  *Id.*

*Id.* at 422-23 (footnote 5 omitted).  In *Aldrich* and *Pawlowski*, the defendants

masturbated on webcam for undercover officers.  *Aldrich*, 566 F.3d at 978; *Pawlowski*,

682 F.3d at 208.  In *Shafer*, the defendant caused the victim to masturbate.  573 F.3d at

270.

In a footnote, the *Raiburn* court stated:

See also *Pawlowski*, 682 F.3d at 213 (holding that the "plain and unambiguous" language of § 2246(3) indicates that "masturbation [is] a form of 'sexual contact'"); *Shafer*, 573 F.3d at 273-74 ("[W]e hold that

3

'sexual contact,' as defined by § 2264(3), includes self-masturbation, as long as the other requirements of the statute are satisfied."); [*United States v.*] *Dean*, 591 F. App'x [11,] 15 [(2d Cir. 2014) (unpublished summary opinion)] (rejecting the defendant's argument that §2G2.1(b)(2)(A) "does not apply to images depicting a person touching himself or herself").

*Id.* at 422 n.4. In *Dean*, the defendant caused the victim to produce images of herself masturbating, she sent the images to the defendant, and the defendant forwarded them to his e-mail account. *Dean*, 591 F. App'x at 15; Defense Brief, No. 13-1019, Docket Entry No. 1088556, at 53; Government Brief, No. 13-1019, 2014 WL 572257, at *2. *See United States v. Vogelpohl*, No. CR 18-3053-CJW-MAR, R. Doc. 84, at 22 (N.D. Iowa 2019) (victim sent videos to defendant of herself masturbating); *United States v. Nosley*, No. CR 20-101-CJW-MAR, R. Doc. 112, at 8 (N.D. Iowa 2022) (defendant sent videos to victim of himself masturbating).

In *Raiburn*, the court also stated:

Determining that § 2246(3)'s definition of "sexual contact" includes masturbation, however, does not end our inquiry into the applicability of the enhancement. *See Shafer*, 573 F.3d at 274. "The statutory requirements for 'sexual contact' also include two intent elements. The first . . . is the requirement that there was 'the intentional touching . . . of the genitalia' of [any person]." *Id.* (second alteration in original) (quoting 18 U.S.C. § 2246(3)). "[T]he second intent requirement of § 2246(3) . . . [is] that there be 'touching . . . of the genitalia . . . of [any person] with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.'" *Id.* (second and third alterations in original) (quoting 18 U.S.C. § 2246(3)).

573 F.3d at 424.

Here, defendant sent a victim videos of himself masturbating. (PSR ¶ 17.) Defendant's masturbation involved the touching of the genitalia of "any person" under 18 U.S.C. § 2246(3). Further, defendant met the intent requirements outlined in

4

*Raiburn*:  (1) he intentionally touched his genitalia; and, (2) when he did this, he had the intent to arouse or gratify the sexual desire of "any person."  "Any person" included defendant.

Defendant's acts of masturbation and his intent satisfy the definition in § 2246(3).  This definition does not distinguish between live transmission of a person masturbating and sending an image or a video of a person masturbating.

Second, the government agrees that the five-level enhancement under USSG §4B1.5(b)(1) applies in this case.  However, the government disagrees with the probation office's position that the exploitation of two of the victims in this case does not qualify as prohibited sexual conduct because the offenses were attempts.  (PSR ¶ 57.)

USSG §4B1.5(b) states in pertinent part:

In any case in which the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct:

(1)      The offense level shall be 5 plus the offense level determined under Chapters Two and Three. . . .

"Prohibited sexual conduct" includes "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)."  USSG §4B1.5, comment. (n.4(A)(i)).  18 U.S.C. § 2426(b)(1) states:

(1)      the term "prior sex offense conviction" means a conviction for an offense—

(A)      under this chapter, chapter 109A, chapter 110, or section 1591; or

(B)      under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in paragraph (1) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States . . . .

Although § 2426(b)(1) uses the term "conviction," an offense not resulting in a conviction can qualify as "prohibited sexual conduct":

> An occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion.

USSG §4B1.5, comment. (n.4(B)(ii)).[1]

In *United States v. Morgan*, 842 F.3d 1070 (8th Cir. 2016), the court rejected the defendant's argument that attempted production of child pornography under 18 U.S.C. §§ 2251(a) and 2251(e) did not qualify as "prohibited sexual conduct" under USSG §4B1.5. It explained, "Both definitions—explicitly in the first definition and in the second by referencing 18 U.S.C. § 2426(b)(1)(A)—incorporate chapter 110 of title 18, which includes attempted production of child pornography." *Id.* at 1077.

In this case, defendant's offense under §§ 2251(a) and 2251(e) involved four victims. Two of these victims sent defendant sexually explicit depictions of themselves. (PSR ¶¶ 17, 20.) Defendant attempted to persuade, induce, and entice the other two victims to send him sexually explicit depictions of themselves, but nothing in the record shows that they sent defendant such depictions. (PSR ¶¶ 16, 21.) As in *Morgan*, defendant's attempted sexual exploitation of each victim qualifies as "prohibited sexual conduct" because this conduct falls under Chapter 110, and § 2426(b)(1)(A) incorporates Chapter 110.

---

[1] USSG §4B1.5(b) "may apply where there is no prior sex offense conviction and the only 'pattern of . . . conduct' is conduct involved in the present offense of conviction." *United States v. Rojas*, 520 F.3d 876, 883 (8th Cir. 2008).

## III. THE COURT MAY IMPOSE SPECIAL ASSESSMENTS UNDER 18 U.S.C. § 2259A

In this case, the government is not seeking the imposition of the special assessment under 18 U.S.C. § 3014 because the plea agreement and guilty plea colloquy occurred after the lapse in appropriations in 2025 and the temporary lapse in the applicability of § 3014. As defendant was not advised of the potential for a special assessment under this section, it should not be imposed.

Under 18 U.S.C. § 2259A, "the court shall assess" not more than the amounts outlined in that section, and the court "shall consider the factors set forth in sections 3553(a) and 3572." One of the factors in § 3572 is the defendant's "income, earning capacity, and financial resources." 18 U.S.C. § 3572(a)(1).

In *United States v. Ball*, No. 23-3461, 2024 WL 3311412 (8th Cir. 2024) (unpublished), the court held that the district court did not plainly err in ordering the defendant to pay a $5,000 assessment under § 2259A(a)(3) and $15,000 in assessments under § 3014, where the defendant had a negative net worth of $21,080.41, but where the defendant could earn wages from prison work and could continue to receive contributions from other sources. *Id.* at *1-2.

In *United States v. Woods*, 137 F.4th 900 (8th Cir. 2025), on plain error review, the court upheld the district court's imposition of a $2,500 special assessment under § 2259A(a)(3), where the defendant had a negative net worth of $1,854, but where the district court stated the defendant "'would have probably a good 25 years of serving time in a prison that he could earn some money towards an assessment.'" *Id.* at 911-12.

Here, defendant has not informed the probation office of the amount of money in

his Roth IRA and his personal savings account.  (PSR ¶ 84.)  He has liabilities of $9,000, and his total net worth is unknown.  (PSR ¶ 84.)  The government leaves to the Court's discretion the appropriate amount of the assessments under § 2259A.

Respectfully submitted,

LEIF OLSON
United States Attorney

By: s/ Mark Tremmel

MARK TREMMEL
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa  52401
(319) 363-6333 / (319) 363-1990 (fax)
Mark.Tremmel@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on April 20, 2026.

UNITED STATES ATTORNEY

BY: s/ Mark Tremmel

COPIES TO:  Zach Crowdes